IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALBERTO PEDRO VAZQUEZ, §
     Petitioner, §
         § CIVIL ACTION NO. H-17-2133
v.          § *Consolidated with*
         § CIVIL ACTION NO. H-17-2134
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
     Respondent. §

**MEMORANDUM AND OPINION**

The petitioner, Alberto Pedro Vazquez, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges his Texas state-court convictions for two injury-to-a-child offenses, for which he was sentenced to life and 10-year prison terms. Vazquez alleges that he was denied the effective assistance of trial counsel because, during the punishment phase, counsel did not seek the recusal of Judge Hamilton based on previously expressed bias; and before Vazquez pleaded guilty, counsel failed to properly advise Vazquez on the Texas outcry statute and failed to advise him that he could seek to recuse Judge Hamilton due to bias. The respondent has moved for summary judgment on the grounds that Vazquez waived the claims he asserts or that they are without merit. Each claim is considered below.

**I. Background**

Vazquez was charged in the 359th District Court of Montgomery County, Texas, in cause numbers 13-11-12819-CR and 13-11-12599-CR, for two separate injury-to-a-child offenses.[1] One was a first-degree felony offense on November 21, 2013, and alleges serious bodily injury to a child

---

[1] Docket Entry No. 13-1, at 18; Docket Entry No. 13-2, at 8.

14 years or younger.² The second was a third-degree felony offense on November 19, 2013, and alleges bodily injury to a different child, also 14 years or younger.³ Vazquez pleaded guilty to both charges, was found guilty, and sentenced to life imprisonment for the first-degree offense and a 10-year prison term for the third-degree offense.⁴ The Ninth Court of Appeals of Texas granted Vazquez's motion to voluntarily dismiss his appeal. *Vazquez v. State*, 2015 WL 4312207 (Tex. App.—Beaumont, July 15, 2015, no pet.). Vazquez then filed two state habeas applications, each separately challenging his convictions.⁵ Trial counsel submitted an affidavit, which the habeas trial court found to be credible. The Texas Court of Criminal Appeals denied both applications, without written order, adopting the trial court's findings.⁶ Vazquez then filed this federal petition.

## II. The Legal Standards

### A. The AEDPA Standard of Review

Section 2254(d) imposes a deferential standard that allows a federal court to grant a § 2254 application if the state-court decision was contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or if the state-court decision was based on an unreasonable determination of facts in light of the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing (*Terry*) *Williams v. Taylor*, 529 U.S. 362, 412 (2002)). A state-court decision is contrary to established federal law if the state court applies a rule that contradicts Supreme Court

---

² Docket Entry No. 13-2, at 8.

³ Docket Entry No. 13-1, at 18.

⁴ Docket Entry No. 13-1, at 53–54; Docket Entry No. 13-2, at 40-41.

⁵ Docket Entry No. 16-24, at 6–23; Docket Entry No. 16-26, at 6–23.

⁶ Docket Entry Nos. 23, 25.

2

precedent, or if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *(Terry) Williams*, 529 U.S. at 405–06. A state court unreasonably applies Supreme Court precedent if it correctly identifies the governing precedent but unreasonably applies it to the facts of the case. *Id.* at 407–09. The focus is on the state court's ultimate legal conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the decision. *Harrington*, 562 U.S. at 87 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The federal habeas court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). No evidentiary hearing is required if the court can rule on the basis of the record.

### B. The Summary Judgment Standard

A party moving for summary judgment must inform and identify the pleadings and record evidence that demonstrate the absence of issues of material fact that entitle the movant to judgment as a matter of law. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party makes the required showing, the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). In a federal habeas proceeding, the rule applies to the extent that it does not conflict with the rules governing habeas review. Section 2254(e)(1), which mandates that a state court's fact findings are presumed correct, "overrides the ordinary rule that, in summary judgment proceeding, all disputed facts must be

3

construed in the light most favorable to the nonmoving part. Unless . . . [the petitioner] can 'rebut [ ] the presumption of correctness by clear and convincing evidence' as to the state court findings of fact, they must be accepted as correct." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III. The Issue of Waiver (Claim 2)

Vazquez asserts that trial counsel was ineffective when he failed to properly advise Vazquez on the Texas outcry statute and failed to advise him that he could move to recuse the judge. Vazquez asserts that had he been correctly advised, he would have insisted on going to trial.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995); *United States v. Hernandez*, 234 F.3d 252, 255 n.3 (5th Cir. 2000). A guilty plea is not voluntary if induced by threats, misrepresentations, unfulfilled promises, or improper promises. *Id*. A guilty plea is not knowing unless the defendant understood the consequences of his plea. When "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review." *Diaz v. Martin*, 718 F.2d 1372, 1376–77 (5th Cir. 1983).

The record clearly shows that Vazquez was properly admonished as to the punishment range for both his first-degree and third-degree injury to a child convictions in his written admonishments.[7] The trial court also orally admonished Vazquez on the punishment ranges for each offense.[8] Vazquez signed a written waiver stating that he understood the consequences of his plea, that he was mentally

---

[7] Docket Entry No. 13-1, at 29–31; Docket Entry No. 13-2, at 15–17.

[8] Docket Entry No. 13-4, at 1, 3.

4

competent, that his plea was knowingly, freely, and voluntarily entered, and that "[n]o one has threatened, coerced, forced, persuaded, or promised me anything in exchange for my plea."[9] He affirmatively stated in open court that he signed the admonishments and waivers freely and voluntarily, and that no one had forced him to plead guilty.[10]

The record also directly contradicts Vazquez's assertion that he would not have pleaded guilty if counsel had advised him about outcry statements and his ability to seek the judge's recusal. Trial counsel submitted an affidavit to the state habeas court, stating as follows:

> Applicant made the decision to plead guilty. Due to the severity of the injuries that [A.G.] and [E.G.] sustained, applicant did not want to face a jury of his peers. Defense counsel believed that, if applicant pled guilty and expressed remorse, there was a possibility that Judge Hamilton might defer a finding of guilty and place applicant on community supervision . . . . Applicant did enter pleas of guilty knowingly and voluntarily. Applicant knew that he had a right to require that the State prove his guilt. Applicant knew he was guilty of the offenses of injury to a child and that the evidence of his guilt was overwhelming. Applicant knew very well that Judge Hamilton could find him guilty and could sentence him to a term of incarceration. He knew the punishment range. The applicant also knew that Judge Hamilton could defer a finding of guilt and place him on community supervision.[11]

The state habeas court found the affidavit credible and supported by the record, and that Vazquez's guilty pleas were knowingly and voluntarily entered.[12] The Texas Court of Criminal Appeals denied relief without written order, based on the trial court's findings. These findings are presumed correct. The court documents, including the judgment, are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court gives evidentiary weight to these documents.

---

[9] Docket Entry No. 13-1, at 30; Docket Entry No. 13-2, at 16.

[10] Docket Entry No. 13-4.

[11] Docket Entry No. 16-24, at 68; Docket Entry No. 16-26, at 72.

[12] Docket Entry No. 16-24, at 86; Docket Entry No. 16-26, at 103.

*Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Vazquez has not rebutted these presumptions with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Once a criminal defendant has entered a valid guilty plea, non-jurisdictional defects are waived, except claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Because Vazquez voluntarily and knowingly pleaded guilty, he waived his ineffective assistance of counsel claims on these nonjurisdictional defects.

### IV. The Merits of the Ineffective Assistance Claims

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a defendant must show by a preponderance of the evidence that his trial counsel's performance was objectively deficient, which requires a defendant to prove that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A federal habeas court reviewing an ineffective assistance claim "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). The federal court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

A defendant must also show that his counsel's deficient performance prejudiced him, requiring the defendant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In a non-

capital sentencing context, prejudice requires a reasonable probability that, absent counsel's unprofessional errors, the noncapital sentence would have been "significantly less harsh." *Daniel v. Cockrell*, 283 F.2d 85, 88 (5th Cir. 1993) (emphasis in original); *see also Dale v. Quarterman*, 553 F.3d 876, 880 n.2 (5th Cir. 2008). In a guilty plea context, the issue is whether, absent the deficient performance, the defendant would have gone to trial. A defendant's failure to satisfy either prong of the *Strickland* test makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

Vazquez raised these claims in his state habeas applications. The state court denied relief based on the trial court's findings. The state court found that trial counsel made a reasoned strategic decision to forgo objecting to the hearsay evidence because it was inconsistent with the strategy of accepting responsibility during the punishment phase.[13] The state court explicitly found trial counsel's affidavit credible and that Vazquez had failed to prove ineffective assistance of trial counsel.[14] These factual determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e).

The record is consistent. In his affidavit on state habeas, trial counsel explained that there was overwhelming evidence of guilt, including Vazquez's own admission. Counsel and Vazquez made the strategic decision that in the punishment phase, counsel would not object to hearsay outcry testimony while attempting to gain leniency:

> From the outset, the applicant expressed that he did not want to go to trial on the issue of guilt or innocence. The applicant knew how serious the injuries he caused to [A.G.] and [E.G.] were. Neither the applicant nor I thought that his culpability was in doubt. The children were in the care of the applicant when the injuries occurred.

---

[13] Docket Entry No. 16-24, at 86; Docket Entry No. 16-26, at 107.

[14] Docket Entry No. 16-24, at 86–87; Docket Entry No. 16-26, at 107–08.

> The younger child, [A.G.], was transported to Texas Children's Hospital via air ambulance as a result of her injuries the applicant caused. The applicant had confessed to the detectives who interrogated him.
>
> The prosecutor would not deviate from her plea bargain offer of fifty years in the Texas Department of Criminal Justice Institutional Division. Alberto did not want to contest his guilt, and he would not agree to fifty years in TDCJ-ID, so he opted to plead guilty and go to the court for punishment without an agreed recommendation and to seek deferred adjudication community supervision. As Alberto was not contesting his guilt, we were not concerned with excluding evidence of guilt, such as the children's outcry statements. The evidence of guilt was overwhelming without the hearsay testimony of the outcry witnesses. Even if one of the outcry witnesses' hearsay testimony were excluded, applicant would still have had to contend with [A.G.] having sustained life-threatening injuries while in applicant's care and applicant having confessed to investigators who interrogated him. Defense counsel elected not to object to the admission of inculpatory evidence–the outcry statements–when applicant was admitting guilt and seeking leniency from the judge.[15]

The record shows that Vazquez confessed to injuring the two children. He nevertheless asked the court to consider sentencing him to community supervision, given his lack of criminal history. The record shows no basis to infer that trial counsel was deficient or that Vazquez was prejudiced by trial counsel's reasoned strategy to forgo objecting to the outcry hearsay testimony in order to focus on attempting to show that Vazquez was repentant and deserving of leniency.

The state habeas court found no credible basis showing deficient performance or prejudice in counsel's failure to seek the trial judge's recusal.[16] Vazquez argues that Judge Hamilton had once worked for the Montgomery County Women's Center, that she had made a statement in open court that her prejudices and bias lay in the area of family violence and sexual assault, and that she made comments during a speech to the Texas Patriots PAC demonstrating bias against people accused of

---

[15] Docket Entry No. 16-24, at 66–67; Docket Entry No. 16-26, at 70–71.

[16] Docket Entry No. 16-24, at 86; Docket Entry No. 16-26, at 107.

family violence. Vazquez does not identify the statement, relying on his own conclusory assertion. Trial counsel's affidavit submitted to the state habeas court explained that:

> [a]t the time of the punishment hearing, defense counsel was aware of no evidence that would support a motion to recuse Judge Hamilton. At the current time, defense counsel is aware of no evidence that would support Judge Hamilton's recusal.
>
> Defense counsel knew that Judge Hamilton had represented the Montgomery County women's center when she was a practicing attorney, but she no longer works in that capacity. Recusal is proper when a judge harbors bias indicating a high degree of favoritism or antagonism. Judge Hamilton did not know [A.G.], [E.G.], or applicant, and no bias was evident. Furthermore, defense counsel was of the opinion that Judge Hamilton was as favorable a judge as any for seeking leniency in sentencing. Defense counsel believed that Judge Hamilton was rehabilitation and reform-oriented, and might find that applicant was corrigible and that, given his youth and lack of criminal history record, she might be willing to place him on a deferred sentence community supervision.[17]

Vazquez has failed to allege or otherwise demonstrate that Judge Hamilton had any direct involvement with the Montgomery County Women's Center during his trial. *See also Mendez v. Quarterman*, 625 F.Supp.2d 415, 425, 428 (Tex. S.D. 2009) (the petitioner failed to show that a motion to recuse would have been successful when he could not show any direct involvement by the judge with the Children's Assessment Center during the relevant time period). As for her Texas Patriots PAC speech, Vazquez has failed to identify with any specificity what comments he finds objectionable during the approximately 45-minute talk. Nor does he show any evidence of bias in the talk. And the record shows that the state court reasonably denied the claim. Vazquez failed to identify any particular conduct on part of Judge Hamilton during trial that demonstrated actual or presumptive bias. And Vazquez has not identified any grounds under Rule 18 of the Texas Rules of Civil Procedure that could have supported a motion for recusal. The failure to raise a meritless

---

[17] Docket Entry 16-24, at 67 (internal citation omitted); Docket Entry No. 16-26, at 71 (internal citation omitted).

motion does not result in the ineffective assistance of counsel. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("[c]ounsel is not required by the Sixth Amendment to file meritless motions").

Vazquez has failed to demonstrate that trial counsel was deficient or that he was prejudiced by trial counsel's failure to pursue a motion to recuse.

## V.     Conclusion and Order

The respondent's motion for summary judgment, (Docket Entry No. 12), is granted. Vazquez's petition for writ of habeas corpus is denied with prejudice. No certificate of appealability will issue because Vazquez has not met the standard for issuance. Final judgment is entered by separate order.

SIGNED on April 3, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge